(No. 33119.—)
GEORGE GLAKEMEIER, JR., Appellant, *vs.* H. V. CALHOUN, Appellee.

*Opinion filed May 24, 1954—Rehearing denied September 20, 1954.*

LINDAUER, LINDAUER, PESSIN & NIEMAN, of Belleville, for appellant.

R. E. COSTELLO, SR., of East St. Louis, and P. K. JOHNSON, JR., of Belleville, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

George Glakemeier, Jr., and H. V. Calhoun were opposing candidates in the election for mayor of Belleville held on April 7, 1953. After a canvass of the ballots Calhoun was declared elected by a plurality of 70 votes. Glakemeier subsequently brought suit in the circuit court of St. Clair County to contest the election. A decree was entered finding that defendant received a plurality of 44 votes, and confirming his election to the office. Plaintiff appeals to this court, assigning as error (1) the denial of his motion to exclude ballots containing only one initial of an election judge, and (2) the denial of his motion for leave to file an amended complaint.

The record discloses that after issue was joined by complaint and answer, the parties entered into a stipulation for a recount of the ballots under supervision of the court, and that a total of 70 ballots was disputed by the

parties and submitted to the court for a ruling. It further appears that pending a decision thereon plaintiff filed his motion to exclude all ballots cast in precinct 4 of ward 7, on the ground that they bore only one initial of an election judge, and also filed his motion for leave to amend the complaint. The court subsequently denied each of plaintiff's motions; found that of the 70 disputed ballots 35 should be counted for defendant, 34 should be counted for plaintiff, and one rejected as improper; and entered the decree from which plaintiff appeals.

The court did not err in denying plaintiff's motion to exclude ballots endorsed with only a single initial of an election judge. The precise question was decided in *Perkins* v. *Bertrand,* 192 Ill. 58, where we said "The object of requiring one of the judges of election to officially endorse on the back of the ballot his initials before giving it to the voter is to identify the ballot as being one which had been cast at the election. Such identification is as complete from one initial as from all of the initials of such judge, and the voter should not be disfranchised by reason of the failure of such judge of election to literally comply with the statute in that regard. While the statute requiring such official endorsement is mandatory, (*Kelly* v. *Adams,* 183 Ill. 193,) the endorsement of one initial is a substantial compliance with the statute, which is all that is required; * * *." *Harvey* v. *Sullivan,* 406 Ill. 472, relied upon by plaintiff, held that a clerk's endorsement is not a sufficient compliance with the statute, and ballots so endorsed are not valid. The case has no application to the issue presented here, where it is undisputed that the endorsement was by a judge of the election.

There remains for consideration the second assignment of error. Plaintiff's motion for leave to file an amended complaint alleged that precinct 2 of ward 7 was not a lawful precinct for the reason that certain territory included therein was not a part of the city; that recent pro-

ceedings purporting to have annexed such territory to the city were void because it was not shown to be contiguous to the city and not within any other municipality, there was no order of the county court fixing a time for hearing on the petition to annex, the petition was improperly amended, no ordinance was passed annexing the land to the city, and a resolution purporting to do so was not passed by two-thirds vote of the city council. Plaintiff made offers of proof to support such allegations, and much of his brief in this court is devoted to argument and authorities relating to annexation proceedings. In further support of the contention that the precinct was not a lawful one, and that plaintiff should therefore have been allowed to file an amended complaint, it is argued that the ordinance purporting to include the territory in question as a part of precinct 2 of ward 7 was ineffective because it was approved less than 30 days prior to the date of the election, and also because the resulting precinct was not composed of contiguous and compact territory. To sustain the decree defendant contends that allowance of amendments is within the discretion of the court, and no abuse of discretion has been shown here; that the validity of the annexation proceedings cannot be inquired into collaterally but only by direct *quo warranto* procedings; and that the proposed objections to the formation of the precinct, not having been presented to the trial court as a ground for the motion, cannot be considered for the first time in this court.

It is unnecessary to discuss at length the merits of the issues sought to be introduced by the proposed amended complaint. It is clear that under the circumstances of this case the refusal to allow such amendments was within the discretion of the trial court. A proceeding to contest an election, although statutory in nature, is to be tried in like manner as cases in chancery; and where a defective com-

plaint can be cured by an amendment sought prior to hearing, the motion should be allowed. (*Joyce* v. *Blankenship*, 399 Ill. 136; *Graves* v. *Needham*, 379 Ill. 25.) After the issues have been formed and the evidence taken, however, the rule is that an allowance of material amendments to pleadings is a matter largely within the discretion of the chancellor. (*Bartman* v. *Bartman*, 411 Ill. 487, 492. See, also, *Rafferty* v. *McGowan*, 136 Ill. 620, 627.) In *Hoerrmann* v. *Wabash Railway Co.* 309 Ill. 524, we observed: "The allowance of an amendment to a bill after the issue has been formed is a matter largely within the discretion of the court, and new matter changing the character of the bill and making substantially a new case cannot generally be introduced after the cause is set down for hearing. A reviewing court will not reverse for a refusal to allow such an amendment unless a manifest abuse of discretion is shown."

In the case at bar the matter sought to be proved under the proposed amended complaint could not have justified an order excluding the votes cast in the precinct. At the time of the election there had been no judicial determination that the annexation was invalid or the precinct improperly formed. Where a city has exercised a *de facto* jurisdiction over territory attempted to be annexed, and has made it one of the election districts of the city, the vote cast therein must be counted in a city election even though the annexation is subsequently held invalid. (*Emery* v. *Hennessy*, 331 Ill. 296.) An election contest is not appropriate for testing the validity of proceedings to annex territory to a city, and the court cannot consider questions whether the territory proposed to be annexed was contiguous, whether it was already part of another municipality, or whether the petition and notice complied with other applicable requirements. (*Cipowski* v. *City of Calumet City*, 322 Ill. 575.) It is apparent, therefore, that no

334

useful purpose could be served by permitting plaintiff to file his amended complaint, and that there was no abuse of discretion in denying the motion.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE MAXWELL took no part in the consideration or decision of this case.