(No. 36116.

GLENN D. WHITLEY *et al.*, Appellants, *vs.* GIL FRAZIER, Appellee.

*Opinion filed January 20, 1961.*

KERN AND PEARCE, of Carmi, for appellants.

DAVID L. STANLEY, and ULYS PYLE, both of Carmi, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Glenn D. Whitley and others appeal from an order of the county court of White County dismissing their amended petition to contest the election of Gil Frazier to the office of road commissioner for the town of Hawthorne. The sole question is whether the original petition sufficiently stated a cause of action so as to support an amendment after expiration of the 30-day period for bringing a contest.

In the original petition, filed within 30 days, the grounds for the contest were all alleged on information and belief. A motion to dismiss was sustained and leave was given to amend. After expiration of the statutory period an amended complaint was filed in which the allegations appear in the following form: "Plaintiffs are informed and believe and therefore state the fact to be * * *." Plaintiffs contend that the defects in the original complaint, although rendering the pleading technically insufficient, are such as can be

cured by amendment, and that under a reasonable application of practice rules such amendment should be allowed even though the time has expired within which the contest must be instituted.

The right to contest an election is statutory, and the statute must be strictly followed. (*Daugherty* v. *Carnine,* 261 Ill. 366.) The petition must be filed within 30 days, and it must be verified by affidavit. The statute also requires that "The petition shall allege that the petitioner voted at the election, and that he believes that a mistake or fraud has been committed in specified precincts in the counting or return of the votes for the office or proposition involved or that there was some other specified irregularity in the conduct of the election in such precincts." (Ill. Rev. Stat. 1959, chap. 46, par. 23—20.) Where a petition is unverified and the 30-day period expires before motion is made to amend, there is no longer jurisdiction to cure the defect. (*Doelling* v. *Board of Education,* 17 Ill.2d 145.) On the other hand, if a timely verification is merely defective in its statement of matters on information and belief, amendment may be made even after the statutory period has expired. *Graves* v. *Needham,* 379 Ill. 25.

In the case at bar little argument is made that the substantive grounds originally sought to be alleged are insufficient, nor does the defendant object to the sufficiency of the amended complaint itself. His position is that no ground of contest was alleged in the original complaint because all it said was that the plaintiffs were informed of. and believed certain matters; and that for this reason it failed to allege enough to provide a basis for post-jurisdictional amendment.

It is clear that an allegation made on information and belief is not equivalent to an allegation of relevant fact. The issue on such an averment simply challenges the existence of the information and belief, not the truth of the facts to which reference is thus made (*Smith* v. *Township High School Dist.* 335 Ill. 346; *Hulse* v. *Nash,* 332 Ill. 500), and

proof that the plaintiffs were informed of or believed certain facts obviously could not support a finding that they are true in fact. We are not concerned, however, with the sufficiency of the petition to withstand a motion to dismiss, but only with its sufficiency for purposes of subsequent amendment. On such an issue it is the substance of the allegations which should control.

It is true, the opinion in the *Hulse case* contains intimations that if an original petition alleges everything on information and belief only, it would be too defective to be cured by amendment after the 30 days have expired. We think, however, that in these questions of practice the court should look to the essence of the allegations rather than to their form; and that insofar as present purposes are concerned the information-and-belief recitation may be treated as a matter of form only. In *Smith* v. *Township High School Dist.* 335 Ill. 346, where a similar question was presented, this court observed that "A statute, however, which requires a statement of the points upon which an election will be contested should receive a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such allegations of fact as are within the contestant's personal knowledge would be impracticable, for the very nature of the proceeding compels him largely to rely upon information obtained from other persons, and it is obvious that as to such information the contestant can only make oath that he believes the allegations to be true." This reasoning is equally applicable to the issue presented in the case at bar and a like result must follow. The present proceeding, although statutory in form, is tried as a case in chancery; and ordinary practice rules apply with regard to amendment of pleadings. (See *Glakemeier* v. *Calhoun*, 3 Ill.2d 329.) The implication in the *Hulse case*, if defendant's interpretation of it is correct, embodies too strict a rule on this question of pleading, is highly technical and can no longer be taken as correctly stating the law.

The judgment of the county court striking the amended complaint is reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*