(Nos. 42460, 42461.—

JACK FOODEN *et al.*, Appellants, *vs.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES OF ILLINOIS, Appellee.

*Opinion filed January 25, 1971.—Modified on denial of rehearing March 31, 1971.*

WARD and GOLDENHERSH, JJ., dissenting.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (GIL-BERT A. CORNFIELD, of counsel,) for appellants.

DUNN, DUNN, BRADY, GOEBEL, ULBRICH & HAYES, of Bloomington, (RICHARD T. DUNN, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is a consolidated appeal of two cases which were jointly heard and decided by the circuit court of Sangamon County. The Cook County College Teachers Union, Local 1600, American Federation of Teachers, AFL-CIO (hereafter, the Union) was a plaintiff in both suits and was represented as a class by Jack Fooden, a professor and an executive of the Union. Individual plaintiffs in each suit were Ida Lalor and Benjamin Solomon, who had served as assistant professors at Chicago State College. On April 7, 1969, the plaintiff Union and Lalor and Solomon brought suit against the Board of Governors of State Colleges and Universities of Illinois, (hereafter the Board) requesting the circuit court to declare the rights of the parties and to order the Board to offer Solomon and Lalor employment as assistant professors at Chicago State College for the 1969-1970 academic year. The Board on April 29, 1969, filed a motion, supported by an affidavit of the executive officer and secretary of the Board, requesting summary judgment. On May 6, 1969, the circuit court allowed the motion and on May 12, 1969, entered an order granting summary judgment in favor of the defendant Board in both suits. The plaintiffs have appealed directly to this court, claiming that substantial constitutional questions are involved.

The record discloses that in July, 1967, the Board appointed the plaintiffs Solomon and Lalor as assistant professors at Chicago State College for a ten-month term for the academic year 1967-1968. They accepted the appointments and signed an agreement which set out that their appointments were on a "Probationary First Year" basis and were subject to the bylaws, governing policies and practices of the Board. In May of 1968, the Board re-appointed Solomon and Lalor as assistant professors on a ten-month basis for the 1968-1969 academic year. They accepted the new appointments and signed similar agreements which

stated that the appointments were probationary second-year appointments. In November of 1968, Solomon and Lalor were notified by letter by the Dean of the Faculty at Chicago State College that they would not be offered an appointment for the academic year 1969-1970.

The Union and Solomon and Lalor filed a complaint alleging that the Board had unlawfully removed the plaintiffs Lalor and Solomon from the faculty of the Chicago State College. Specifically, the complaint charged that the procedure employed in removing the plaintiff teachers and giving them notification of their removal was in violation of the defendant Board's rules and policies as set forth in its by-laws, governing policies and practices, and in the Chicago State College Faculty Constitution and Board Resolutions; that the procedures employed also violated the terms of the plaintiff teachers' individual contracts; that these teachers were unconstitutionally removed from the faculty because the true reason for their removal was their open leadership and activities on behalf of the plaintiff Union and because of their initiation and promotion of open discussion among members of the faculty concerning educational policies and programs for minority groups; and, finally, that the failure of the Board and its agents to assign reasons for their removal violated their constitutional rights of due process.

On April 18, 1969, plaintiffs presented a motion for emergency relief, requesting the circuit court for a temporary order, pending the determination of their suit, which would require the defendant Board to offer Lalor and Solomon positions as assistant professors at Chicago State College for the 1969-1970 academic year. In this motion the plaintiffs alleged that because of the Board's delay of some five months in acting on their request for a review of their case it was then practically impossible for Lalor and Solomon to secure other professional employment for the 1969-1970 year. It appears that also on April 18, 1969, the

Board did review the procedures followed by the school administration in the determination not to re-employ the plaintiffs Solomon and Lalor for the academic year 1969-1970, and approved such proceedings.

Thereafter, on April 29, 1969, the Board filed its motion for summary judgment, supported by an affidavit of F. H. McKelvey, the executive officer and secretary of the Board. The affidavit recited that the Board is a public corporate body of the State of Illinois created to operate, manage, maintain and control a number of colleges in the State of Illinois, among them, the Chicago State College. It is authorized by statute (Ill. Rev. Stat. 1969, ch. 144, par. 1008) to make rules, regulations, and by-laws for the management of the institutions under its jurisdiction. It is empowered to employ and for good cause remove all academic and non-academic employees, and is also empowered to contract with them regarding tenure, salary and retirement benefits. The affidavit declared that pursuant to the statute the Board had adopted certain by-laws governing its policies and practices and that under the Board's procedures teachers are appointed either for a probationary term or for a term with tenure. It set forth that a teacher with tenure had a right to re-employment at the expiration of a term of employment and that the teachers without tenure had no such right. Probationary teachers are appointed for probationary periods which should not, except under particular circumstances, exceed in sum, seven years. Tenure is acquired only by approving Board action upon the recommendation of the president of the college. After a teacher has acquired tenure, his services can be terminated only for adequate cause, except in the case of retirement or extraordinary circumstances based on financial exigencies, the affidavit continued. A teacher with only probationary status has no right to re-employment at the expiration of each term of employment, provided that notice is given by the Board by March first, in the first probationary year, and by

December first of any subsequent probationary year that he is not to be continued in employment after the expiration of the academic term.

Finally, the affidavit set forth that only the Board's bylaws, governing policies and practices were applicable to questions involving the re-employment of probationary teachers and that the faculty constitution of Chicago State College was not binding upon the Board or its executive officers. Further, the statements of the American Association of University Professors, the American Council on Education and the Association Governing Boards relating to removal and rehiring were never adopted or approved as a policy of the Board but had been referred to only in a preamble to a resolution adopted by the Board.

After argument the circuit court concluded that there was no real issue as to any material fact and entered an order granting summary judgment for the defendant Board.

On this appeal the plaintiffs argue that the circuit court erroneously granted summary judgment for the defendant inasmuch as there were significant and material issues of fact that were unresolved. These include whether the plaintiff teachers were removed because of their union activities and expressions of views on public education. As these factual issues are unresolved and the plaintiff's charges underlying them are uncontradicted, the plaintiffs contend that the circuit court must have erroneously considered that the Board could properly dismiss the plaintiff teachers for the exercise of constitutionally protected rights. Such a conclusion, the plaintiffs submit, is invalid and violative of their rights to due process and equal protection assured by the United States and Illinois constitutions. They also contend that the failure and continued refusal of the Board, a public entity, to declare the reasons for their removal violate their constitutional right to due process. Finally, the plaintiffs assert that the contracts themselves which are involved assured the right to speak out on issues of legitimate aca-

demic concern and granted them rights to a statement of specific reasons for their removal and to a detailed review of the administration recommendations by the faculty senate.

It is argued by the defendant Board that the pleadings taken together demonstrate that there was no material issue of fact. The plaintiffs, the Board says, did not file a counter-affidavit and they cannot challenge the sufficiency of the affidavit or competency of the affiant for the first time on appeal. The plaintiffs' allegations that the teachers were improperly removed because of their union activities and expressions of views on public education did not raise a relevant issue of fact because they were made only on information and belief. Additionally, these were not allegations of fact but rather were but pleaded conclusions, the Board submits. The affidavit clearly established that the sole obligation imposed on the Board under the circumstances was to notify Solomon and Lalor by December 1, 1968, if they were not to be re-employed. There was no contractual obligation on the Board to announce its reasons for not re-employing Lalor and Solomon and therefore their employment could be properly terminated for any reason.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 57) provides that upon motion for summary judgment the judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. We have previously held that summary judgment procedure is an important tool in the administration of justice, that its use in a proper case is to be encouraged and that its benefits inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials. *Allen* v. *Meyer,* 14 Ill.2d 284.

The question posed here is whether this is a proper case for the use of summary judgment procedure when tested by the rules governing such use. It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. (*People ex rel. Sharp* v. *City of Chicago,* 13 Ill.2d 157; *Shirley* v. *Ellis Drier Co.,* 379 Ill. 105.) More specifically, it has been held that an affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness, (*Welsh* v. *Centa,* 75 Ill. App. 2d 305) and where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact. (*Renieris* v. *Village of Skokie,* 85 Ill. App. 2d 418; *Murphy* v. *Cory Pump and Supply Co.,* 47 Ill. App. 2d 382.) Also, as against positive, detailed averments of fact in an affidavit, allegations made on information and belief by an adverse party are insufficient, for they are not equivalent to averments of relevant facts but rather put in issue only the pleader's information and belief and not the truth or falsity of the "facts" referred to. (*Whitley* v. *Frazier,* 21 Ill.2d 292; *Smith* v. *Township High School Dist. 158,* 335 Ill. 346.) And the sufficiency of an affidavit cannot be tested for the first time on appeal where no objection was made either by motion to strike, or otherwise, in the trial court. *Campione* v. *Henry C. Lytton & Co.,* 57 Ill. App. 2d 147.

Under these rules and on the record before us we find that the motion for summary judgment was properly granted by the trial court. The facts set forth in the Board's

affidavit clearly established the right of the Board not to retain Solomon and Lalor for another term following the expiration of the probationary term for which they were employed. Plaintiffs' failure to file any responsive pleadings, or any counteraffidavit, in effect constitutes admissions of the facts contained in the Board's affidavit, and plaintiffs' unverified complaint, alleging on information and belief that they were not re-employed because of their union activity and their expressions of personal views on public education, was insufficient to raise a triable issue of fact. To contend that such factual information was not available to them is irrelevant, for Supreme Court Rule 191(b), (Ill. Rev. Stat. 1969, ch. 110A, par. 191), specifically provides for such exigency through the use of interrogatories and depositions of persons having such information and the production of such papers or documents as may be pertinent. Plaintiffs' objections to the competency of the affiant to testify to the facts stated in the Board's affidavit not only come too late, not having been raised in the trial court, but they do not appear to be well taken, for affiant was the executive officer and secretary of the Board and apparently fully competent to testify on the matters presented.

Finally, plaintiffs contend that the Board had a duty to provide Solomon and Lalor with a specific statement of reasons for nonretention. They argue that the faculty constitution of Chicago State College and the statements of the American Association of University Professors, the American Council on Education and the Association of Governing Boards require that decisions not to reappoint should be supported by compelling reasons stated in detail, and that such requirements form a part of the employment contract. We find that the Board's affidavit clearly refutes this contention and that, as a matter of law, the contract was specifically made subject only to the "By-Laws, Governing Policies and Practices of the Board", and that the Board's sole duty thereunder was to provide the notice of nonreten-

tion within the required time. Plaintiff's allegations in their complaint on this matter constitute nothing more than statements of conclusions and do not present a genuine issue of fact in the face of the uncontroverted facts set forth in the Board's affidavit.

For the reasons stated the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD, dissenting:

I cannot accept the majority's agreement with the argument of the Board that there was no material issue of fact presented here. To do so is to say as a matter of law that it was not relevant and material whether the plaintiff-teachers had not been re-appointed for the academic year 1969-1970 because they had been active in union affairs and had initiated faculty discussion concerning the educational policies and programs of Chicago State College for minority groups. Such a position is untenable.

The discretion of the Board to re-employ or not to re-employ a teacher is broad but a decision not to re-employ cannot rest on constitutionally interdicted grounds. (*Shelton* v. *Tucker,* 364 U.S. 479, 5 L. Ed. 2d 231, 81 S. Ct. 247; *Freeman* v. *Gould Special School Dist.* (8th cir.), 405 F.2d 1153; *Johnson* v. *Branch* (4th cir.), 364 F.2d 177; and see Frakt Non-tenure Teachers and the Constitution, 18 U. of Kan. Law R. 27 *et seq.;* Developments Academic Freedom, 81 Harv. L. Rev. 1045, 1065 *et seq.*) Thus, if the decision of the Board not to rehire the plaintiffs Salomon and Lalor for the academic year 1969-1970 rested on the ground that they had been active in union affairs and in initiating faculty discussions of the college's educational policies it would have been in violation of constitutionally assured rights of free speech and freedom of asociation. (See *Pickering* v. *Board of Education,* 391 U.S. 563, 20 L. Ed. 2d 811, 88 S. Ct. 1731; *McLaughlin* v. *Tilendis* (7th

cir.), 398 F.2d 287; *American Federation of State, County and Municipal Employees* v. *Woodward* (8th cir.), 406 F.2d 137; *Sindermann* v. *Perry* (5th cir.), 430 F.2d 939, *cert.* granted 39 L.W. 3545; *Roth* v. *Board of Regents of State Colleges* (7th cir.), (July 1, 1971); *Rainey* v. *Jackson State College* (5th cir.), (Dec. 22, 1970).) The plaintiffs alleged that was the sole basis of the Board's decision not to rehire and the allegation was not denied in the affidavit filed in support of the motion for summary judgment. Thus, a material issue of fact remaining unresolved, summary judgment should have been denied.

I consider that on the record here the allegations made on information and belief were certainly sufficient to withstand a motion for summary judgment. (See *Whitley* v. *Frazier*, 21 Ill.2d 292.) A reading of *Smith* v. *Township High School Dist. No. 158*, 335 Ill. 346, which the majority cites, discloses that insofar as they are relevant the holdings support the plaintiffs' position. When the plaintiffs in *Whitley* sought to amend a petition to contest an election which contained allegations based on information and belief this court said: "We are not concerned, however, with the sufficiency of the petition to withstand a motion to dismiss, but only with its sufficiency for purposes of subsequent amendment. On such an issue it is the substance of the allegations which should control. It is true, in the opinion in the *Hulse* case [332 Ill. 500] contains intimations that if an original petition alleges everything on information and belief only, it would be too defective to be cured by amendment after the 30 days have expired. We think, however, that in these questions of practice the court should look to the essence of the allegations rather than to their form; and that insofar as present purposes are concerned the information-and-belief recitation may be treated as a matter of form only. In *Smith* v. *Township High School Dist.*, 335 Ill. 346, where a similar question was presented, this court observed that 'A statute, however, which requires a statement of the

points upon which an election will be contested should receive a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such allegations of fact as are within the contestant's personal knowledge would be impracticable, for the very nature of the proceeding compels him largely to rely upon information obtained from other persons, and it is obvious that as to such information the contestant can only make oath that he believes the allegations to be true.' This reasoning is equally applicable to the issue presented in the case at bar and a like result must follow. * * * The implication in the *Hulse* case, if defendant's interpretation of it is correct, embodies too strict a rule on this question of pleading, is highly technical and can no longer be taken as correctly stating the law."

The purpose of summary judgment procedure is not to try an issue of fact but to determine whether one exists between the parties. Whether claims such as the one made by the plaintiffs here are well founded is typically a matter peculiarly within the knowledge of the one against whom the claim is made. Considering the intendment of the summary judgment process, such a claim made on information and belief should be sufficient on a record as we have here to withstand a motion for a summary judgment. The rationale of this court in *Whitley,* should be applied here.

Finally, I would observe that in any event this is not a case of allegations made on information and belief being confronted by "positive, detailed averments of fact in an affidavit." The Board's affidavit ignored the plaintiffs' allegation of constitutional denial I have described; it did not confront and deny it.

Mr. JUSTICE GOLDENHERSH joins in this dissent.