IRENE BURTON *et al.*, Plaintiffs-Appellees, *v.* THOMAS V. POWELL, Defendant-Appellant.—(FRED M. DUNKE *et al.*, Defendants.)

(Nos. 59385, 59996 cons.;

First District (2nd Division)—February 11, 1975.

Peterson, Ross, Rall, Barber & Seidel and Burton S. Odelson, both of Chicago (Elroy C. Sandquist, Jr., and John W. McCullough, of counsel), for appellant.

Gierach, Stambulis & Schussler, Ltd., of Oak Lawn (Will Gierach, of counsel), for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The plaintiffs-appellees (hereinafter plaintiffs) petitioned below to contest the result of the April 17, 1973, election for president of the village of Oak Lawn, Illinois. Defendant-appellant, Thomas V. Powell (hereinafter defendant), prevailed in that election over Fred M. Dumke, by a total vote of 9,997 for defendant to 9,993 for Dumke. (Fred M. Dumke and Ernest F. Kolb, defendants below, are not parties to this appeal.)

The complaint of plaintiffs was considered before a judge, without a jury, and, on July 3, 1973, the trial court ordered a recount of the ballots cast in certain precincts of the village. On August 8, 1973, following a canvass of the contested ballots and extensive hearings before the trial court, an order was entered declaring Fred M. Dumke the duly elected president of the village. It is from the August 8, 1973, order that this appeal emanates.

The pertinent facts are as follows. On April 17, 1973, a regular election was held in the village of Oak Lawn for president and other village officials. Thereafter, the local canvassing board declared the defendant as the elected village president of the village of Oak Lawn, Illinois, defeating his opponent for the office, Fred M. Dumke, by four votes, 9,997 to 9,993. On April 24, 1973, plaintiffs, as citizens and duly qualified voters of the village, filed a verified complaint in the court below to contest the election, alleging certain irregularities in the conduct of the election and praying that the court below direct and supervise a "full, true and correct" count of the ballots cast in the election, declare the election of April 17 null and void, and declare Fred M. Dumke president of the village.

The complaint failed to allege that plaintiffs had voted in the April 17 election, which allegation is required by section 23—20 of the Illinois Election Code. Ill. Rev. Stat. 1971, ch. 46, par. 23—20.

After the trial court had received testimony in support of plaintiffs' claim of alleged irregularities and rebuttal testimony on behalf of the

defendant, the defendant moved to dismiss the petition on the ground that plaintiffs' failure to allege in their complaint that they had voted in the election deprived the trial court of jurisdiction, as such allegation was a jurisdictional requirement under section 23—20 of the Election Code.

After both plaintiffs and the defendant had rested their respective cases, plaintiffs' counsel orally moved to amend plaintiffs' complaint to supply the allegation that plaintiffs had voted in the election and further moved to present evidence in support of the allegation. The trial court granted plaintiffs' motion, and, subsequently, a motion made by defendant to vacate that order was denied.

On July 3, 1973, the trial court entered an order for a recount, the pertinent part of which follows:

> "The Court is of the opinion that as a result of the aforementioned presentation precincts 63, 74, 35 and 44 shall be recounted in their entirety including all objected to ballots. It is the further opinion of this Court that the objected to ballots shall be recounted in precincts 99, 26, 75 and 131. In precinct 123 the absentee ballot that was not counted shall be found and counted."

On July 14, 1973, the recount took place under the supervision of a special commissioner, whose report, dated July 26, 1973, was filed with the trial court on August 8, 1973.

On July 18, 1973, 4 days after the recount, defendant filed a notice of appeal from the trial court's order of July 3, 1973, which had ordered the recount. On July 23, 1973, defendant moved the trial court to stay the proceedings, praying that the special commissioner cease activity until the determination of the issues on appeal was made by this court. The motion for a stay was denied.

On July 25, 1973, defendant filed with this court a motion for a stay of the enforcement of the trial court's July 3 order (ordering the recount), which motion was denied on August 13, 1973. In addition, this court, as part of the August 13 order, dismissed defendant's appeal upon the motion of plaintiffs.

On August 8, 1973, after having accepted the special commissioner's report and after having conducted further hearings, the trial court entered an order declaring Fred M. Dumke to be the duly elected "Mayor" of the Village of Oak Lawn.[1] Dumke's margin of victory, after the recount, was five votes.

---

[1] Although the order refers to the office as "Mayor" and the statute describes the office as "President" the titles over a long period of time in *Illinois* are used interchangeably and no question on that point has been raised in this appeal.

This appeal was taken from the trial court's order of August 8, 1973. The issues on appeal are:

(1) whether the trial court lacked jurisdiction over the matter because of plaintiffs' alleged failure to comply with certain jurisdictional requirements of section 23—20 of Illinois' Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 23—20);

(2) whether the trial court was without jurisdiction to proceed subsequent to the filing of a notice of appeal to this court on July 18, 1973; and

(3) whether the recount ordered by the court below was unprecedented, inherently unfair, and inaccurate.

## I.

Defendant's first contention on appeal is that the trial court lacked jurisdiction over the instant matter owing to plaintiffs' failure to allege that they had voted in the April 19, 1973, election, which allegation is required by section 23—20 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 23—20); the section reads:

"§ 23—20. The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified. Copies of such petition shall be delivered by mail to each proper clerk or board of election commissioners who is a custodian of any ballots involved in the contest. The petition shall allege that the petitioner voted at the election, and that he believes that a mistake or fraud has been committed in specified precincts in the counting or return of the votes for the office or proposition involved or that there was some other specified irregularity in the conduct of the election in such precincts, and the prayer of the petition shall specify the precincts in which the recount is desired."

Although plaintiffs' original complaint failed to allege that they had voted at the April 17 election, plaintiffs later moved to be allowed to amend the complaint to allege that they had voted in the election. The motion was granted, and each of the plaintiffs testified that they had, in fact, voted in the election. Defendant's motion to strike that testimony was denied by the trial court.

Election contest cases shall be tried in like manner as in other civil cases. (See Ill. Rev. Stat. 1971, ch. 46, par. 23—23, and ch. 131, par. 1.22.) Certain provisions of Illinois' Civil Practice Act govern our determination

on this issue. They are contained in section 46 (Ill. Rev. Stat. 1971, ch. 110, par. 46), which reads, in its pertinent portions:

"§ 46. Amendments

(1) At any time before final judgment amendments may be allowed on just and reasonable terms * * * and in any matter, either of form or substance * * * which may enable the plaintiff to sustain the claim for which it was intended to be brought * * *.

(2) The cause of action * * * set up in any amended pleading shall not be barred by lapse of time under any statute * * * if the time prescribed or limited had not expired when the original pleading was filed * * * even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery * * * if the condition precedent has in fact been performed * * * and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

■■ We believe that the amendment allowed in the court below meets the requirements of subsection (2) of section 46. Accordingly, the amendment relates back to the filing of the complaint and was not barred by the 30-day limitation of section 23—20 of the Election Code. (Ill. Rev. Stat. 1971, ch. 46, par. 23—20.) We hold, therefore, that the court below had jurisdiction over the instant matter. See *Whitley v. Frazier* (1961), 21 Ill.2d 292, 171 N.E.2d 644; *Graves v. Needham* (1942), 379 Ill. 25, 28, 39 N.E.2d 321; and *Joyce v. Blankenship* (1948), 399 Ill. 136, 141, 77 N.E.2d 325.

II.

Defendant next argues that the trial court was without jurisdiction to proceed subsequent to the filing of the notice of appeal on July 18, 1973. To put matters in perspective, a chronology of the events which transpired in the court below was:

(1) On July 3, 1973, a recount of eight precincts was ordered by the trial court;

(2) On July 14, 1973, the canvass and recount was accomplished and the results were made known to the parties;

(3) On July 18, 1973, a notice of appeal from the July 3 order was filed with this court, as were the short record and a motion to stay the enforcement of the trial court's July 3, 1973 order;

(4) On July 23, 1973, defendant moved before the trial court for a stay of proceedings; the motion was denied; and

(5) On July 26, 1973, the trial court ordered the matter set for final hearing on August 1, 1973.

On August 3, 1973, plaintiffs filed a motion to dismiss the appeal which had been brought by the defendant, arguing, in essence, that the trial court's order of July 3, 1973, was not a final judgment within the contemplation of either Supreme Court Rules 301 or 304 (Ill. Rev. Stat. 1971, ch. 110A, pars. 301 and 304) or section 23—26 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 23—26).

■■ On August 13, 1973, this court entered an order dismissing defendant's appeal, and it is clear to us that defendant is raising again a matter which was disposed of by the August 13 order. We find that, in accordance with the August 13 order, that the order of July 3, 1973, entered in the trial court, was not an appealable order. To permit such an attempt to prematurely appeal an election contest at that stage of the proceedings would clearly frustrate, delay, and defeat the prospective adverse results of a recount, which as in this case had become known 4 days before the filing of the notice of appeal.

## III.

Finally, defendant contends that the recount ordered by the trial court was unprecedented, unfair, and inaccurate, in that the recount ordered was of fewer than all of the precincts in the village and of fewer than all of the votes in certain precincts. Defendant urges that in the absence of a stipulation by the parties to an election contest to recount fewer than all the precincts concerned in a contested election, there is no authority in Illinois to recount only some of the precincts contested.

Section 23—23 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 23—23) provides in part:

"Whenever a petition for a recount has been filed as provided in this Article, any opposing candidate or any elector, under like provisions and in like manner may file a petition within 10 days after the completion of the canvass of the precincts specified in the petition for a further recount of the votes cast in any or all of the balance of the precincts in the county, municipality or other political subdivision, as the case may be.

Any petitioner may amend his petition at any time before the completion of the recount by withdrawing his request for a recount of certain precincts, or by requesting a recount of additional specified precincts. The petitioner shall deposit or shall cause to be deposited, such amounts of money as the court may require as

security for costs for such additional precincts as the court may deem reasonable and proper."

■■ In our opinion, the legislative intent underpinning the last-quoted statutory provision could not be more clear: The recount in a contested election can be limited to those precincts where errors and irregularities existed which might alter the outcome of the election.

●■ In the case at bar, the partial canvass of precincts was completed on July 14, 1973, and, thereafter, defendant, pursuant to section 23—23, had 10 days within which to petition "* * * for a further recount of the votes cast in any or all of the balance of the precincts * * *." Defendant did not avail himself of the rights under section 23—23 and cannot now be heard to complain.

■■ Defendant also suggests in his brief on appeal that some ballots may have been counted twice. However, there is absolutely nothing in the record to support such a theory, and, defendant had the responsibility and full opportunity—not only before this court, but before the trial court as well—of pointing to support in the record for his theory. He has not done so. We have reviewed the record, exhibits and transcript of the hearing on the special commissioner's report and we reject defendant's theory as highly speculative, conclusory and without support in the record.

For these reasons, therefore, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.