HERSCHEL D. MURVINE, Plaintiff-Appellant, *v.* G. W. MASTER, Acting Executive Director for the Chicago Housing Authority, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-293

Opinion filed June 29, 1978.

John M. Giltinon and Richard B. Harty, both of Wheaton, for appellant.

Calvin H. Hall and Joseph S. Smuda, both of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a circuit court of Cook County summary judgment against Herschel D. Murvine (hereinafter called "the plaintiff"). His complaint was for a mandatory injunction to compel G.W. Master and the Chicago Housing Authority (hereinafter called "the defendants") to reinstate him in his position of employment.

The question presented for review is whether the pleadings, exhibits, admissions and affidavits show there is no genuine issue of any material fact, thereby supporting the summary judgment.

The relevant statutes, with regard to the Chicago Housing Authority, are sections 5 and 6 of the Housing Authorities Act (Ill. Rev. Stat. 1973, ch. 67½, pars. 5 and 6). These provisions provide, in pertinent part, as follows:

"§5. No commissioner or employee of an Authority shall acquire any interest direct or indirect in any project or in any project included or planned to be included in any project, nor shall he have

any interest direct or indirect in any contract or proposed contract for materials or services to be furnished or used in connection with any project. If any commissioner or employee of any Authority owns or controls an interest direct or indirect in any property included in any project, which was acquired prior to his appointment or employment, he shall disclose the same in writing to the Authority and such disclosure shall be entered upon the minutes of Authority."

"§6. As soon as possible after the creation of an Authority the commissioners shall organize for transaction of business by choosing from among their number a chairman and a vice-chairman and by adopting by-laws and rules and regulations suitable to the purposes of this Act."

The policy manual of the Chicago Housing Authority, paragraphs 7 and 20, provide as follows:

"7. Interest in Property, Contractors or Vendors. No employee and/or Commissioner shall knowingly have any financial interest, direct or indirect, in any property included or planned to be included in any project, nor shall he knowingly have any interest, direct or indirect, in any contract or proposed contract for materials or services to be used by the Authority. If such interest was acquired prior to his service or employment, or if his knowledge of such interest is subsequent to his service or employment, he shall disclose the same in writing to the Authority. The prohibition of this paragraph shall be interpreted with emphasis on the proposition that a Commissioner or employee shall not benefit financially by reason of the activities of the Authority with outside parties. Where there is doubt, legally or ethically, the Commissioner or employee should take the initiative of calling the matter to the attention of the Executive Director for ruling and guidance."

"20. Termination of Employment. Despite efforts to stabilize employment, the nature of the public housing program is such that there are times when the size of the organization must fluctuate somewhat in line with the volume of work. There shall be established an equitable reduction-in-force procedure for administrative employees. Discharges for cause shall be made only after adequate previous warnings, except in cases of extreme offense."

Plaintiff's employment with the Chicago Housing Authority was terminated for cause by reason of "conflict of interest" for noncompliance with statutory provisions and Rules and Regulations of the Authority.

Plaintiff while an employee, on June 24, 1974, incorporated a

corporation (Trans America Industries, Inc.) and on September 20, 1974, as president of said corporation signed an agreement with I.B.S. Engineering, Inc., which had a contract with the Chicago Housing Authority to supply and install compactors. The agreement (defendants' exhibit "A") provided Trans America Industries, Inc., would furnish I.B.S. Engineering with bonding of $500,000 for a Chicago Housing Authority contract and other working capital to complete this contract or any additional contracts in process or to be obtained, for which consideration Trans America Industries would receive 52% of outstanding shares of I.B.S. Engineering stock. An affidavit of E.N. Hanna filed by the plaintiff in his answer to the defendants' motion for summary judgment admitted that in May of 1975 the stock was issued to Trans America Industries.

On November 25, 1975, when the defendants were informed by the news media of the foregoing, the plaintiff was questioned and asked to give an explanation. On November 26, 1975, the plaintiff, accompanied by his attorney, returned to the defendants' executive office and stated he needed additional time to assemble documents. He was given to December 3, 1975, to do this. Since the charges were serious the plaintiff was placed on suspension effective November 26, 1975.

The plaintiff was given a hearing on December 16, 1975, at which time he brought in witnesses. At this hearing the plaintiff (1) did not deny he was the incorporator of Trans America Industries, Inc., (2) did not give a proper explanation of a memo initialed by him on November 14, 1975 (defendants' exhibit "D"), and (3) acknowledged in fact the signature on defendants' exhibit "A" and the initials on defendants' exhibit "D" were his.

The memorandum, defendants' exhibit "D", which was directed to George Weisbecker, a loaned employee of Trans America Trading Corporation (owned by the plaintiff), and also identified by E.N. Hanna as the plaintiff's accountant, placed him in charge of all accounting for Trans America, Champion Industries and I.B.S. Engineering.

On November 26, 1975, plaintiff's immediate supervisor placed him on suspension. Plaintiff did not file any grievance appeal after suspension, but instead chose to file this suit. On December 17, 1975, the plaintiff was notified there was just cause for termination of his employment which became effective the date of his suspension.

In answer to the plaintiff's complaint, the defendants filed affirmative defenses and a motion for summary judgment with affidavits and exhibits attached. The plaintiff filed an unverified reply to the defendants' answers, without affidavits. The court heard the motion and entered summary judgment for the defendants on October 19, 1976.

Substituted counsel then moved to vacate the order dismissing the lawsuit (it is to be noted the suit was not dismissed, but summary

judgment was granted the defendants) and filed an unverified reply to the defendants' answer and an unverified answer to the defendants' motion for summary judgment, with counter-affidavits attached. On December 2, 1976, the court heard the arguments, considered all pleadings, admissions, affidavits and exhibits and denied the plaintiff's motion to vacate the order of October 19, 1976, granting summary judgment to the defendants. From these orders the plaintiff has taken this appeal.

The question here is whether this case is a proper case for use of the summary judgment procedure, when tested by the rules governing such use. The summary judgment section of the Illinois Civil Practice Act provides, in pertinent part, the following:

> "* * * The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Ill. Rev. Stat. 1975, ch. 110, par. 57(3).

A test which may be used when ruling on a motion for summary judgment was summarized by a majority of the Supreme Court, speaking through Mr. Justice Kluczynski, in *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500-01, as follows:

> "It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to the jury, and the court would be required to direct a verdict, then a summary judgment should be entered."

Upon a review of the record, the admitted facts show the plaintiff's involvement in the various entities tied in with I.B.S. Engineering, Inc., which had contracts for materials and services with the defendant, Chicago Housing Authority. The Chicago Housing Authority, under these circumstances, properly acted to terminate the employment of the plaintiff. The plaintiff has failed to controvert any material fact with regard to these issues and summary judgment was properly entered in favor of the defendants.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.