JACK STACEY *et al.*, Plaintiffs-Appellants, v. INSURANCE CORPORA-
TION OF IRELAND, Defendant-Appellee.

First District (4th Division)   No. 1—88—3326

Opinion filed September 21, 1989.

Marc M. Pekay and Linda J. Finnerty, both of Marc M. Pekay, P.C., of Chicago, for appellants.

McCarthy, Duffy, Neidhart & Snakard, of Chicago (Thomas S. Moore and Jane F. Anderson, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

On March 7, 1987, plaintiffs Jack Stacey, Tim Hannon, Delores Thibodeaux and Mary Ann Maloney filed a complaint in the circuit court of Cook County under the Illinois Wage Payment and Collection Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 39m—1 *et seq.*) to recover unpaid severance pay from defendant, the Insurance Corporation of Ireland. Defendant was granted summary judgment and plaintiffs appeal.

Defendant was an insurance company owned entirely by the Allied Irish Bank. Because a Federal law prohibited a bank from owning more than 25% of the stock of an insurance company, defendant was forced to cease underwriting new business effective January 1, 1985. In December 1984 the United States manager, William Fleming, held a staff meeting and informed the employees that defendant would continue to service existing policies. As an incentive to encourage employees to remain on the job, he promised that anyone who would be dismissed because of a reduction in force would receive termination pay. He stated that all employees would be treated fairly and equitably, but he did not advise them how much severance pay they would receive. Another employee, Alice Kopanski, stated in an affidavit that Fleming advised the employees at the meeting that no staff cuts would be required prior to July 1, 1985.

In April 1985, Fleming held a meeting with Fred Radichel and Ms. Kopanski to discuss the need to terminate two employees prior to the projected date of July 1, 1985. As a result of the meeting, employees Elizabeth Murphy and Rosemary Bonacic were terminated in April and were paid through July 1, 1985. The payments amounted to 2½ months' severance pay.

In a deposition Fleming stated that it was his understanding that a policy was set at the April 1985 meeting that all terminated employees would receive a minimum of 2½ weeks' severance pay. He stated that after the meeting he advised each employee separately that the two employees were terminated and that no one was going to be let go with two weeks' pay. He further testified that he never told the remaining employees that they would receive 2½ months' severance pay or that such a policy had been established at the April meeting.

In October 1985 Fleming was terminated as manager and Alice Kopanski was promoted to replace him. Shortly thereafter, plaintiffs Jack Stacey, Tim Hannon, and Mary Ann Maloney were also terminated. Delores Thibodeaux was terminated in December 1986. Each of the plaintiffs was given two weeks' severance pay.

In their depositions none of the plaintiffs stated that he was

promised 2½ months' severance pay. All agree that Fleming had promised to treat them fairly and equitably.

Based on the information contained in the depositions, defendant sought summary judgment alleging that there was no contract between defendant and plaintiffs to pay them 2½ months' severance pay. In an affidavit attached to the motion, Ms. Kopanski stated that the two employees that had been terminated in April 1985 were paid through July 1, 1985, because of the prior representation that no staff cuts would be required before that time. She stated that written severance pay contracts had been negotiated with the terminated employees individually and that no oral contracts or representations had been made to the remaining employees pertaining to severance pay.

Plaintiffs allege that the trial court erroneously disregarded testimony in the depositions when granting defendant's motion for summary judgment. They urge that Fleming had established a policy to give 2½ months' severance pay to all employees terminated due to a reduction in force. They contend that he promised the remaining employees' severance pay equal to that given to the two employees who were terminated in April 1985.

■ In Illinois an employer is not obligated to award severance pay unless the obligation arises from the employment contract. (*Arado v. General Fire Extinguisher Corp.* (N.D. Ill. 1985), 626 F. Supp. 506, 509.) An employment contract or policy statement must satisfy the judicial requirements of contract formation. (*Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490, 505 N.E.2d 314.) As the court in *Duldulao* stated:

"First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement. When these conditions are present, then the employee's continued work constitutes consideration for the promises contained in the statement, and under traditional principles a valid contract is formed." 115 Ill. 2d at 490.

■ After reviewing the record, we find that there was no agreement made between defendant and plaintiffs to pay all terminated employees 2½ months' severance pay. Although in December Fleming promised all employees severance pay if they remained on the job and in April promised to treat plaintiffs fairly and equitably, there is noth-

ing in the record to indicate that he promised to pay plaintiffs 2½ months' severance pay. Without such a clear promise, there is no employment contract for this court to uphold. See *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490.

Plaintiffs urge that the 2½ months' severance pay paid to the two employees terminated in April 1985 created a reasonable inference that a policy had been established to give the remaining employees the same. However, in Illinois such an inference is not sufficient to create an employment contract. See *Rynar v. Ciba-Geigy Corp.* (N.D. Ill. 1983), 560 F. Supp. 619, 625.

In *Arado v. General Fire Extinguisher*, the court, relying on *Rynar*, stated:

> "Even a written personnel policy setting forth guidelines for severance pay is not binding on the employer unless * * *
>
> 1. a separate document constituting an express employment contract can be construed as subject to the 'policies' of the employer; or
>
> 2. 'the terms of the policy itself suggest that a mutuality of obligations was intended by employer and employees when the policy was given.' " (*Arado v. General Fire Extinguisher*, 626 F. Supp. at 509.)

In the instant case, no policy was ever given to the plaintiffs regarding the amount of severance pay.

■■■ If what is contained in the pleadings and affidavits would have constituted all of the evidence to be presented before the trial court, and the court would be required to direct a verdict based on that evidence, summary judgment should be granted. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) Here, the record clearly indicates that all of the witnesses were deposed or submitted affidavits with respect to the issue of whether a promise had been made to the plaintiffs regarding severance pay. Further, it is clear that defendant made no promise through Fleming or any other agent to pay plaintiffs 2½ months' severance pay if and when they were terminated. Therefore, there exist no genuine issues of material fact, and the trial court properly granted summary judgment to defendant.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW and JOHNSON, JJ., concur.