Jack Lester Henderson, Plaintiff-Appellee, v. Edward A. Lisowski, Commercial Credit Corporation, a Corporation, and Cross Town Motors, Inc., a Corporation (Commercial Credit Corporation, a Corporation), Defendants-Appellants.

**Gen. No. 49,162.**

First District, First Division.
January 27, 1964.
Rehearing denied February 18, 1964.

McKeown, Trussell, Trafelet & Caldwell, of Chicago (Edw. P. McKeown and Henry H. Caldwell, of counsel), for appellant.

Alfred M. Loeser, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant Commercial Credit Corporation was allowed leave to appeal from an order granting a new trial. Plaintiff sued Edward A. Lisowski, Crosstown Motors, Inc., and Commercial Credit Corporation seeking recovery of both actual and punitive damages. The jury trial, however, proceeded only as to Crosstown and Commercial.

The complaint charges that Crosstown, and certain of its employees, were agents of Commercial, handling contracts, payments and repairs for Commercial in the transaction of delivering to plaintiff a certain Ford truck; that Crosstown was a collector, did repairs for, and negotiated contracts for Commercial; that Crosstown and its employees, as agents for Commercial, unlawfully seized and repossessed plaintiff's truck; that Crosstown, as such agent, took personal property of the plaintiff valued at $3,000; that plaintiff lost profits by reason of seizure of his truck; that his truck was damaged by fire while in possession of Crosstown, as agent for Commercial. The relief asked was for damages for conversion of the truck and the personal property; damages for loss by fire; damages for loss of earnings, all in the sum of $25,000, and exemplary damages in the sum of $75,000.

In its answer Commercial in substance denied that Crosstown or its employees were agents of Commercial; denied that it did anything illegal or that it caused damage to plaintiff in the repossession of his truck which was financed by him under a conditional sale contract with Commercial.

Crosstown was not represented in the trial. The cause was submitted to the jury as to both defendants, Crosstown and Commercial, under instructions sub-

mitted by plaintiff covering his theory of the case as to both defendants. Verdicts, twelve in number, were given to the jury for consideration covering all possible findings. The jury returned a verdict against Crosstown in the sum of $15,000 and no verdict against Commercial. The plaintiff moved for a mistrial or in the alternative for a finding against Commercial notwithstanding the verdict, or for a new trial. The trial court granted a new trial as to Commercial, and it appeals.

The problem here posed is not new. In Stoltz v. People, 4 Scam 168 (1843), the defendant was indicted on two counts. The case was heard by a jury which rendered a verdict of guilty as to Count One and returned no verdict as to Count Two. The motion for new trial was denied. The Court, on page 170, says: "It is insisted that the verdict of the jury was void, and that the court erred in rendering a judgment on it. The general rule is, that the verdict must be as the issues submitted, and it was formerly held, with much strictness, that a failure to find on all the issues vitiated the verdict. The tendency of modern decisions, however, has been to relax the severity of the rule, and sustain the verdict, where the intention of the jury can be ascertained. What is the reasonable view to be drawn from this verdict, and the circumstances under which it was rendered? The people prefer two charges of criminal offenses against the defendant; he is arraigned on them, and the question of his guilt submitted to the jury for determination. They hear the testimony adduced to substantiate both charges, and find affirmatively that he is guilty of one. Is not the inference irresistible, that the prosecution failed to establish his guilt on the other charge, and therefore the jury find negatively on it? We are of opinion that the verdict should be regarded as an acquittal of the defendant on the second count. If

83

such be the effect of the verdict, he certainly has no right to complain. He can never again be put on his trial for the same offense. He has once been put in jeopardy, and the charge against him adjudicated." The judgment of the lower court was affirmed.

Thereafter in 1853 in the case of Wilderman v. Sandusky, 15 Ill 59, 60, a civil matter, the jury returned a verdict against three defendants and none as to the fourth. The court there held "It may properly be regarded as a finding on all of the issues; and the judgment may be considered as a final disposition of the whole case." The same principle was applied in the case of Wabash R. Co. v. Keeler, 127 Ill App 265 (1906) wherein plaintiff brought suit against three railroad companies. The jury rendered a verdict finding two of the defendant companies guilty and were silent as to the third.

Plaintiff argues that where there is a sealed verdict the above authorities do not apply and that in this cause, having stipulated to a sealed verdict, as a matter of law the jury had to return a verdict as to Commercial.

In 144 Ill App 512 (1908) Schmidt v. Chicago City Ry. Co., the plaintiff sued two traction companies for injuries sustained. The cause was submitted to the jury as to both defendants and the parties agreed to a sealed verdict. When the envelope was opened in the presence of the jury it contained but one verdict finding one of the defendants guilty and assessing damages. The jury were instructed to retire and determine from the evidence and instructions of the court whether or not the other defendant was guilty or not guilty. The jury retired and found the latter defendant not guilty. The court there held that the verdict first returned was in effect a proper verdict and disposed of the issues between the parties therein. On appeal to the Illinois Supreme Court, reported in

84

239 Ill 494 (1909) the court held as follows: "It is said that the jury might have changed their minds after returning the sealed verdict and therefore might have found the appellant not guilty. The finding of a jury does not become a verdict until it is received and accepted by the court and entered of record. It is within the control of the jury and may be changed by them until they are discharged. (Martin v. Morelock, 32 Ill 485.) It was not error for the court to direct the jury to retire and complete their verdict by finding as to the other defendant. (Consolidated Coal Co. v. Maehl, 130 Ill 551, 22 NE 715.) If the attorney for the appellant supposed there might have been a change in the views of the jury as to it, there was both right and opportunity to have the jury polled for the purpose of ascertaining whether the paper was still their verdict. The liability was not joint." In the instant case the court has accepted the verdict against Crosstown and entered judgment thereon.

It further appears from plaintiff's brief that he cites authorities where the question of sole liability against the one found guilty by the verdict depends upon the conduct and action of the codefendant against whom the verdict is silent. In Bunyan v. American Glycerin Co., 230 Ill App 351 (1923) on page 354, the court held: "In this State the law is well settled that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of respondeat superior for the negligence of the other, if the latter is found not guilty such finding is a complete bar to the action against the former," and again on page 355 the court further says: "All of the cases indicate that the rule does not apply if it appears from the declaration or complaint that the employer is charged with negligence other than that of the employee who has been found not guilty." This is not the situation in the case at bar because neither

of the parties to this appeal question the charge in the pleading and the evidence before the jury. The issues submitted to the jury justify finding either or both guilty or either or both not guilty.

We agree with Commercial that under the complaint and proof the plaintiff sought to hold Commercial liable on the theory that Crosstown was its agent and the failure of the jury to return a verdict against it after receiving proper jury verdicts and instructions is, in contemplation of law, a not guilty verdict against it.

Plaintiff further contends that Section 50(2) and Section 68 of Chap 110 have modified the authorities. This contention is without merit for Section 50(2) refers to final, enforceable and appealable orders and Section 68 of Chap 110 refers to post-trial motions, etc.

The trial court erred in granting a new trial as to Commercial only and in denying their motion for judgment. The cause is therefore reversed and remanded to the trial court with instructions to vacate the order granting a new trial and to enter judgment for Commercial.

Reversed and remanded with instructions.

MURPHY, P. J. and BURMAN, J., concur.