Anna Rakus, Plaintiff-Appellee, v. Warren W. Black,
et al.
On Appeal of Corrine McKeone, Defendant-Appellant.

Gen. No. 49,793.

First District, Fourth Division.

February 17, 1965.

Richard C. Bleloch, of Chicago, for appellant.

Edward R. Kent and George H. Litow, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Corrine McKeone, appeals from a verdict and judgment of $5,000 * in favor of plaintiff who was injured in an automobile collision while a passenger in a car owned by Corrine's husband, defendant William

---

* Reduced by remittitur to $3,250 because of settlement prior to trial with defendants Warren W. Black and Evelyn E. Black in the sum of $1,750.

J. McKeone, and driven by their son, defendant William Craig McKeone. Plaintiff testified that she had been hired to do housework for defendant, Corrine McKeone; that on a Saturday morning she desired to go to her own home to pay rent; that Corrine McKeone told her her son to drive plaintiff and her husband there and to bring them back; that the son did pick them up at 7:00 p. m. and that the accident happened while returning to the defendant's residence.

On Friday, March 13, 1964, after the court instructed the jury, the following proceedings were had out of the presence of the jury:

> The Court: . . . [W]ill you agree on a sealed verdict?
>
> Mr. Litow [attorney for plaintiff]: Yes, Judge.
>
> The Court: That the Jury can return a sealed verdict and agree that they separate and waive the polling of the Jury?
>
> Mr. Bleloch [attorney for defendant]: I will, your Honor.
>
> Mr. Litow: Yes.
>
> The Court: Very well. If you want the Bailiff to call you, will you leave your card with the Bailiff? He will call you and tell you the results.

On the following Monday, the court was informed that the jury had returned one verdict—a finding against the defendant, Corrine McKeone, and assessing damages at $5,000—and that the verdict forms as to the two other defendants, William J. and William Craig McKeone, had not been executed. Thereupon the court indicated that it would resubmit the case to the jury and ask them to return verdicts, guilty or not guilty, as to the other two defendants. Counsel

439

for all three defendants in the trial court objected on the grounds that:

> . . . the Jury having dispersed and having been out in contact with other people all over the weekend and undoubtedly having had an opportunity to discuss it with many people should not be given the case again in the same manner as it was before.

Plaintiff's counsel stated:

> Yes. If your Honor please, it would appear from the form of verdict submitted by the Jury, that there is some confusion in the minds of the Jury as to the meaning of the law in this case. And on that theory I would object to the Jury making any reconsideration of this case. They having been dispersed Friday afternoon.

The court then observed:

> Well, frankly gentlemen, I am not sure whether the Court has the power or the right to ask the Jury to consider a case further than they already have, but *fortunately* the Jury is here and as both of you have indicated the Jury was instructed to return three verdicts, one for each defendant (emphasis supplied). . . . So, as long as the Jury is here, I will ask them to reconsider and return verdicts for each of the other two defendants.

The jury then returned two verdicts: one, finding for defendant, William J. McKeone, and the other finding in favor of plaintiff against William C. McKeone, the minor, and assessing damages as "nothing." Defendant urges that the resubmission to the jury was improper and erroneous; that an unsigned verdict was a finding for the minor defendant; that since the agent (the minor) was not guilty, the plaintiff's action

440

was barred as to the principal (the defendant Corrine McKeone); and that, therefore, the judgment against her must be set aside and a finding in her favor entered here.

Plaintiff relies on Schmidt v. Chicago City R. Co., 239 Ill 494, 88 NE 275 as authority for resubmission of a case to a jury. However, in that case the sealed verdict was returned in open court. The Supreme Court observed that the jury could have been polled to determine if there had been a change in its views. It is interesting to note that the court in Schmidt, in answer to the argument that it was a joint liability case and should have resubmitted as to both defendants instead of one, held that "[T]he liability was not joint."

In Bond v. Wood, 69 Ill 282, 284, the court stated:

> The agreement the jury may seal their verdict does not dispense with their attendance when the verdict is returned into open court. It is a fatal irregularity for the judge to discharge the jury from further service before they have returned their verdict, unless he has the consent of parties, or their counsel, in civil causes. It is the right of the parties to poll the jury, and if they are discharged for the term, this privilege is lost. After the verdict is received, and the jury discharged, the control of the jury over the case is at an end; they can not be recalled to alter or amend the verdict. Riggs v. Cook, 4 Gilman, 336.

Schmidt, supra, also held: "It [the verdict] is within the control of the jury and may be changed by them until they are discharged." Since the crux of resubmission is the discharge of the jury, we find that under the circumstances of the instant case the jury had been discharged.

441

■ The failure of the jury to return any verdict as to the minor, William Craig McKeone, is equivalent to a finding of not guilty. Wabash R. Co. v. Keeler, 127 Ill App 265; Henderson v. Lisowski, 46 Ill App2d 81, 196 NE2d 518.

■ The effect of the "not guilty" finding as to the agent barred any recovery from the principal. In Henderson v. Lisowski, supra, the court quoted with approval from Bunyan v. American Glycerin Co., 230 Ill App 351, at page 354:

> In this State the law is well settled that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of respondeat superior for the negligence of the other, if the latter is found not guilty such finding is a complete bar to the action against the former.

See also Devore v. Toledo, P. & W. Railroad, 30 Ill App2d 409, 174 NE2d 883.

Defendant urges other grounds for reversal which we need not consider in view of our finding.

The judgment of the Circuit Court is reversed and judgment entered in favor of defendant, Corrine McKeone.

Reversed and judgment for defendant.

McCORMICK, P. J. and ENGLISH, J., concur.