LENA WOODING, Plaintiff-Appellant, *v.* L & J PRESS CORPORATION *et al.*, Defendants-Appellees.

First District (2nd Division)  No. 80-1505

Opinion filed August 11, 1981.

Daniel Karlin and Albert Zemel, both of Chicago (Michael J. Cozzi, of counsel), for appellant.

David M. Smith, of Purcell & Wardrope, Chartered, and Sidney Z. Karasik, both of Chicago (Michael Kreloff, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Lena Wooding brought a strict liability in tort action for personal injuries resulting from an accident involving the operation of a punch press. L & J Press Corporation, which manufactured the punch press, and other manufacturers and distributors of safety devices and attachments to the punch press, were named as defendants. The lower court granted L & J

Press' motion for summary judgment and denied plaintiff's motion to vacate that judgment. Plaintiff appeals.

Plaintiff was injured in December 1975, while operating a punch press as an employee of Kalmus & Associates. The complaint alleged that, as the direct and proximate result of the defective and unreasonably dangerous condition of any or all of the punch press, safety guards, chains and dies, plaintiff was injured and one of her hands was amputated.

On August 16, 1979, plaintiff filed a notice to produce, which was served on all defendants, seeking copies of the reports and opinions concerning the inspections of the punch press and pull-back safety devices made by each defendant's representative on April 13, 1979. L & J Press filed a motion for summary judgment on September 26, 1979, prior to compliance with the notice to produce. Attached to the motion was the sworn discovery deposition of Dr. Kenneth Packer, an engineering expert who examined the machine in question for the employer's insurance carrier after plaintiff's accident. Dr. Packer concluded that there was no manufacturing or design defect in the punch press. His opinion was that the accident was caused because the left-hand cable from the pull-back device became entangled in the left front guidepost and pulled plaintiff's hand into the press after it was activated. Defendant contends that since the pull-back devices and die were in no way connected with L & J Press, there is no factual basis for finding the press the proximate cause of plaintiff's injuries. Defendant therefore moved for summary judgment.

Plaintiff responded to L & J Press' motion for summary judgment by asserting that the motion was premature since her investigation into the cause of her injuries had not been completed and the discovery inspection reports were outstanding. Plaintiff's attorney failed to appear at the December 4, 1979, hearing. Summary judgment was granted in favor of L & J Press, but said order was not made final or appealable. The case was continued as to the other defendants.

Plaintiff filed a motion to vacate the summary judgment on December 17, 1979. The hearing on plaintiff's motion was continued until March 25, 1980. Although the precise chain of events is unclear because no court reporter was present at the hearing, the substance of the proceeding was that the motion to vacate was denied and the summary judgment was made final and appealable. From bystanders' reports filed by both parties and made part of the record on appeal, it appears that the lower court based its granting of L & J Press' motion for summary judgment on plaintiff's failure to file a proper response to the motion, thereby failing to raise a genuine issue of material fact.

On April 16, 1980, plaintiff filed a motion to vacate the court's March 25, 1980, order. In the motion plaintiff endeavored to show there was evidence of the machine "repeating" and that two of plaintiff's co-

workers had given unsworn statements that they heard the machine "repeat." Plaintiff's attorney also advised the court that plaintiff had not completed discovery with respect to L & J Press. It was the position of L & J Press that since none of the co-workers' statements were sworn, they did not comply with Supreme Court Rule 191(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 191(a)), which sets forth the requirements for affidavits supporting or opposing a motion for summary judgment. Plaintiff's motion to vacate was denied.

■■ The issue before this court is whether the trial judge acted properly in granting L & J Press' motion for summary judgment and denying plaintiff's motion to vacate that judgment. The standards for issuance and proper procedure to follow on motions for summary judgment are set out in the Illinois Civil Practice Act and Supreme Court Rules. Section 57 of the Civil Practice Act states, in part:

> "(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * ***

> (4) Form of affidavits. The form and contents of and procedure relating to affidavits under this Section shall be as provided by rule." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 57(3), (4).)

The affidavits referred to in section 57 must comply with the requirements of Supreme Court Rule 191, which states:

> "(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment under section 57 of the Civil Practice Act, * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." (Ill. Rev. Stat. 1979, ch. 110A, par. 191(a).)

A summary judgment will only be entered where the pleadings, depositions, admissions, and affidavits demonstrate that no genuine issue of facts exists which warrants trying the case. (*Vuletich v. Alivotvodic* (1979), 73 Ill. App. 3d 927, 392 N.E.2d 663; see also *Glen View Club v. Becker* (1969), 113 Ill. App. 2d 127, 134, 251 N.E.2d 778; *Shramek v.*

*General Motors Corp.* (1965), 69 Ill. App. 2d 72, 77, 216 N.E.2d 244.) We note, however, that the summary judgment procedure is an important tool in the administration of justice and should be encouraged in the proper case. *Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576; see also *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.

In *Fooden*, two assistant professors at Chicago State College alleged the administration illegally failed to renew their contracts. Defendant Board of Governors filed a motion for summary judgment supported by an affidavit which stated that since plaintiffs were untenured, they had no right to re-employment. The affidavit did not state the reasons for the dismissals and did not deny all the allegations of the complaint. Plaintiffs failed to file a counteraffidavit in opposition to the Board's motion. The Illinois Supreme Court affirmed the summary judgment for the defendant and held:

> "[A]n affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court * * * and where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact. (*Renieris v. Village of Skokie*, 85 Ill. App. 2d 418; *Murphy v. Cory Pump and Supply Co.*, 47 Ill. App. 2d 382.)" *Fooden*, at 587.

Thus, while a party need not support with affidavits a motion seeking summary judgment (see Ill. Rev. Stat. 1979, ch. 110, par. 57(1), (2)), a party may not rely solely on his complaint to oppose a supported motion for summary judgment. (See also *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457; *Cohen v. Washington Manufacturing Co.* (1979), 80 Ill. App. 3d 1, 3, 398 N.E.2d 1202; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12-13, 365 N.E.2d 1045; *Walsh v. Monumental Life Insurance Co.* (1964), 46 Ill. App. 2d 431, 435, 197 N.E.2d 124.) While plaintiff is not required to prove her case at the summary judgment stage, she is under a duty to present a factual basis which would arguably entitle her to judgment in her favor. *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1004, 365 N.E.2d 80; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184; see *Gasdiel v. Federal Press Co.* (1979), 78 Ill. App. 3d 222, 228, 396 N.E.2d 80; *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 979, 382 N.E.2d 36.

■■ Where a party moving for summary judgment files supporting affidavits containing well-pleaded facts and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. (*LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 702, 355 N.E.2d 70; *Glen View Club*, at 136; *St.*

*Louis Fire & Marine Insurance Co. v. Garnier* (1960), 24 Ill. App. 2d 408, 416, 164 N.E.2d 625.) Even the allegations of a verified complaint cannot prevail over the uncontradicted facts set forth in affidavits submitted by a defendant in support of his motion for summary judgment. *LaMonte*, at 702-03.

■■ In the instant case, plaintiff failed to factually support her response to defendant's motion for summary judgment, which was supported by an affidavit. She simply filed what she called "a motion to defer the summary judgment proceedings," which was unsupported by affidavits or depositions. The facts alleged in defendant's motion must therefore be taken as admitted. See *LaMonte*, at 702-03.

As tendered, plaintiff's response did not comply with the requirements of Rule 191. Given plaintiff's position that she had yet to gather information sufficient to respond, the proper procedure for her to follow is contained in Rule 191(b), which states:

> "(b) When Material Facts Are Not Obtainable By Affidavit. If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing papers or documents in the possession of those persons or furnishing sworn copies thereof. The interrogatories and sworn answers thereto, depositions so taken, and sworn copies of papers and documents so furnished, shall be considered with the affidavits in passing upon the motion." Ill. Rev. Stat. 1979, ch. 110A, par. 191(b).

In *Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 392 N.E.2d 1365, *aff'd* (1980), 81 Ill. 2d 201, 407 N.E.2d 47, one of the issues was whether summary judgment was properly awarded prior to discovery. The court discussed the requirements of Rule 191 and held that the plaintiff, having failed to comply with the rule, "cannot now complain of an inability to conduct discovery before summary judgment was ordered." (*Rogers*, at 471.) *Rogers* was cited in a recent Illinois appellate opinion with facts similar to those in the case at bar. In *Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 407 N.E.2d 671, the plaintiff had over three years to conduct discovery. Despite ample time,

plaintiff never filed a response or counteraffidavit to a motion for summary judgment. In affirming the summary judgment, the court in *Gill* quoted the *Rogers* opinion and rejected the plaintiff's contention that he was not allowed to properly develop his case prior to the entry of summary judgment. *Gill*, at 907.

We note that in *Gill* the court acknowledged that the plaintiff made no request for continuances for discovery purposes (see *Gill*, at 907), and in *Coleman* the court mentioned that there was nothing in the record to show that the plaintiff needed additional time to complete discovery. (See *Coleman*, at 979.) These comments do not, however, alter the rationale of the decisions. Those cases were decided on the basis of a party's failure to follow the proper procedure in opposing a motion for summary judgment. Such a failure is also present in the case at bar. Failure to comply with Rule 191 has been used to strike down affidavits both in support of and in opposition to motions for summary judgment. (See *Gasdiel*, at 228-29; *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 227, 327 N.E.2d 541; *Standard Oil Co. v. Lachenmyer* (1972), 6 Ill. App. 3d 356, 360, 285 N.E.2d 497.) The record in the case at bar suggests that plaintiff has not even attempted to comply with Rule 191. Her initial response to L & J Press' motion for summary judgment was completely unsupported. Even at the subsequent hearings to vacate the order granting L & J Press summary judgment, plaintiff failed to properly support her assertions by affidavit or otherwise.

■■ Plaintiff asserts that the motion for summary judgment was prematurely filed. She bases her contention on L & J Press' failure to comply with plaintiff's request for the inspection reports prior to filing the motion. As stated above, however, plaintiff could have followed the procedure set forth in Rule 191 to delay the summary judgment proceedings. In any event, it is clear that in Illinois it is proper for a defendant to file a motion for summary judgment at any time, even prior to filing an answer. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 308, 393 N.E.2d 1223; see Ill. Rev. Stat. 1979, ch. 110, par. 57(2).) In the present case, plaintiff is endeavoring to rely upon defendant's tactic of failing to comply with discovery as an excuse for her own failure to comply with Rule 191. The cases do not support her position.

By the same token, we feel obligated to express our disapproval of the actions of L & J Press. As we recently stated in *Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 412 N.E.2d 608, careful attention must be paid to the prompt and orderly handling of discovery. (*Fine Arts*, at 884.) Trial courts should not countenance unnecessary delays in discovery and should unhesitatingly impose sanctions proportionate to the circumstances. (See *Buehler v. Whalen* (1977), 70 Ill. 2d 51,

67, 374 N.E.2d 460; *Fine Arts*, at 884.) Our decision is based on plaintiff's clear failure to follow statutory procedures. Either we adhere to the rules or we don't adhere to them. We have decided to adhere to them.

Plaintiff's final contention is that L & J Press waived the summary judgment order of December 4, 1979, by voluntarily answering, on March 21, 1980, an interrogatory filed on behalf of plaintiff. Since this was four days prior to the March 25 hearing on plaintiff's motion to vacate, the plaintiff's waiver assertion is without merit. L & J Press' actions were not inconsistent with the summary judgment order since a motion to vacate was still pending.

The judgment below is affirmed.

Affirmed.

HARTMAN, P. J., and DOWNING, J., concur.