SHIRLEY FRAZIER, Indiv. and as Adm'x of the Estate of Fred Frazier, Deceased, Plaintiff-Appellant, v. SMITH & WESSON *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—397

Opinion filed February 11, 1986.

964

Ambrose & Cushing, P.C., of Chicago (F. John Cushing III, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Anne G. Kimball and Dale G. Wills, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting summary judgment for defendants Smith & Wesson, Smith & Wesson Chemical Company, Inc., and Bangor Punta Corporation (defendants), on strict liability in tort and negligence causes of action. Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment as to the negligence counts of the amended complaint, and that the trial court abused its discretion when it denied plaintiff's motion to reconsider and plaintiff's request to vacate the summary judgment order.

On September 13, 1980, after a dispute with police, plaintiff's husband Fred Frazier barricaded himself in the basement of his home. The officers tear-gased the house, and three tear gas canisters landed in the first floor of the house, while two canisters landed in the basement. Police entered the house and found Frazier under a smoldering mattress which he apparently used to smother one of the canisters. Fred Frazier died six days later.

On September 10, 1982, Shirley Frazier, wife of decedent, filed a complaint against defendants and against other individuals not parties to this appeal. She filed an amended complaint on April 22, 1983, alleging in counts I and III that the defendants' tear gas grenades and projectiles were unreasonably dangerous and defective in that, among other things, they lacked proper warnings that they caused fire and warnings of danger from exposure to the gas in confined areas. Among other things, counts II and IV alleged that defendants negligently designed a product which caused fires, negligently failed to warn of the danger of fires when using the tear gas, and negligently failed to warn of danger from exposure to the tear gas. All counts stated that as a result, Mr. Frazier ingested lethal amounts of tear gas and suffered burns over 90% of his body. Defendants denied plaintiff's allegations and were later granted leave to raise the statute of repose as an affirmative defense.

On February 23, 1984, defendants filed a motion for summary judgment supported by affidavits from D. J. Bartlett, the police officer investigating the scene where Mr. Frazier was injured, Douglas Short, a product engineer at Smith & Wesson Chemical Company, and Michael Czayka, a plant manager of the Smith & Wesson Chemical Company. Based on these affidavits, defendants urged that summary judgment should be granted as to counts I and III on the grounds that the statute of repose barred the strict liability in tort claims and that plaintiff could not establish causation because the one Smith & Wesson tear gas canister found in the room damaged by fire showed no signs of having burned itself or of having caused the fire. Defendants sought summary judgment on counts II and IV of the amended complaint solely on the ground that the Smith & Wesson canister in the fire-damaged room neither caused nor was involved in any fire which might have resulted in Mr. Frazier's injuries. Plaintiff did not file a memorandum or counteraffidavits in response. On August 13, 1984, the court denied the motion because two referenced inventory documents were not attached to one of defendants' affidavits.

Defendants' renewed summary judgment motion was heard on November 28, 1984. Plaintiff presented no counteraffidavits and filed

no written response to the motion. At the onset of the hearing on the motion, plaintiff told the trial court that she would drop the strict liability counts I and III from her amended complaint if she could amend the negligence counts II and IV to say that the lethal amounts of tear gas ingested caused Mr. Frazier's death.

Defendants did not agree to this. Noting that plaintiff had undertaken no discovery concerning the issues raised by defendants' motion, that plaintiff had neither objected to defendants' affidavits nor filed counteraffidavits, and that there was no evidence in the record contrary to defendants' affidavits, the trial court granted summary judgment in favor of defendants on all counts.

Plaintiff filed a motion to reconsider the November 28, 1984, order, relying on seven exhibits attached in support. During oral arguments on the motion, the court noted that the case was two years old at the time the summary judgment order was entered and that plaintiff had failed to come forward with competent evidence to create a question of fact before that summary judgment motion was decided. The court indicated that plaintiff had not shown good cause why she could not have earlier discovered the information presented to the court in the exhibits attached to the motion for reconsideration and denied the motion.

On appeal, plaintiff does not dispute that part of the trial court's order disposing of the amended complaint's strict tort liability counts. However, plaintiff contends that the trial court erred when it granted defendants' motion for summary judgment as to the negligence counts of the complaint because defendants' motion argued only that defendants' tear gas canister could not be linked to the fire in the basement of decedent's residence. Plaintiff states that she cannot dispute defendants' claim that their tear gas canister did not start this fire, but she asserts that the motion did not respond to the allegations in the amended complaint that plaintiff was injured from decedent's exposure to and ingestion of defendants' tear gas. Defendants respond that the summary judgment order as to all counts of the amended complaint was proper because the facts contained in the affidavits attached to the motion and the inferences drawn therefrom established that there was no genuine issue of material fact. Defendants argue that the affidavits stood as admitted since they were not contradicted by counteraffidavits.

■ It is well established that a summary judgment procedure is an important tool in the administration of justice. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Allen v. Meyer*

(1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576; *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 385, 425 N.E.2d 1055.) However, granting of summary judgment is only proper if the pleadings, depositions, and admissions on file, together with any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) The moving party must show that his right to summary judgment is free from doubt (*Elliott v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640), and inferences which may be reasonably drawn from the evidence are resolved in favor of the nonmovant. (*Rubin v. City National Bank & Trust Co.* (1980), 81 Ill. App. 3d 1020, 1022, 402 N.E.2d 281.) Where the record reveals a genuine issue of material fact, the motion for summary judgment should be denied. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) Here, the order granting summary judgment as to counts II and IV should have been denied.

Defendants' motion asserted that the statute of repose barred plaintiff's strict liability in tort claims and that the affidavits attached to the motion established that defendants' canister found in the basement did not burn and·could not have caused a fire resulting in Mr. Frazier's injuries and death. In the face of this challenge, plaintiff was required to present some evidence to support those particular claims. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1059, 473 N.E.2d 444.) She did not do so and admitted during oral argument to this court that she could not counter defendants' motion on those issues. Thus, the facts in defendants' uncontradicted affidavits regarding the statute of repose and the cause of the fire must be taken as true and stood as admitted. (*Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 385, 425 N.E.2d 1055.) The order dismissing counts I and III of the amended complaint was therefore proper.

■ However, defendants' motion did not address itself to plaintiff's claims of injury from ingestion of the tear gas. While we find from the record that the trial court carefully considered whether an issue of fact existed concerning the cause of the fire, neither it nor the parties addressed the allegations in counts II and IV of the amended complaint that defendants' negligence in designing, testing and warning about the tear gas ultimately caused Mr. Frazier to ingest lethal amounts of the gas. On appeal, defendants assert that these allegations were refuted in defendants' evidentiary material in support of their motion. Defendants rely on a single sentence in the affidavit of Michael Czayka which states that a large amount of mate-

rial was retained in the Smith & Wesson canister found in the room in which Mr. Frazier had barricaded himself. Czayka said this indicated that the tear gas agent contained in the canister was not dispersed effectively.

■ We do not agree that this statement disposes of the issue as a matter of law. Defendants' argument requires that the single inference which can be drawn from the statement is that the canister did not function at all. However, the statement is equally, if not more, subject to the inference that some portion of the tear gas was emitted. Defendants presented no evidence to establish that ingestion of certain amounts of its product could not cause injury. Neither does the record reflect the size of the room in which the canister was found, nor how far away the canister was found from Mr. Frazier. Moreover, one of defendants' affidavits states that three tear gas canisters were found in the kitchen of the Frazier residence and that two of these, Smith & Wesson products, were expended. There is no evidence in the record indicating how close the kitchen area was to the basement room or whether Mr. Frazier could have ingested tear gas material expelled from the canisters which landed in the kitchen. Under these circumstances, the conflicting inferences gave rise to genuine issues of material fact and the summary judgment motion as to counts II and IV should have been denied.

In view of our decision, we need not and do not reach plaintiff's second issue on appeal.

Accordingly, the circuit court's order granting summary judgment as to counts I and III is affirmed and as to counts II and IV is reversed and vacated.

Affirmed in part and reversed and vacated in part.

BILANDIC, P.J., and HARTMAN, J., concur.