180 Ill. App.3d 280 (1989)
535 N.E.2d 977
ELEANOR YOUNG, Plaintiff-Appellee,
v.
CHICAGO FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant.
No. 1-87-3301.
Illinois Appellate Court  First District (4th Division).
Opinion filed February 23, 1989.
*281 Liebling & Hauselman, of Chicago (Martin F. Hauselman and Todd D. Feldman, of counsel), for appellant.
Warren Lupel and Charles P. Fox, both of Lupel & Bunn, of Chicago, for appellee.
Judgment affirmed.
*282 JUSTICE JOHNSON delivered the opinion of the court:
Defendant, Chicago Federal Savings and Loan Association (hereinafter Chicago Federal), appeals from the order of the circuit court of Cook County that denied its motion for summary judgment and granted the summary judgment motion of plaintiff, Eleanor Young, and entered judgment in her favor for $14,362.86, plus costs. The sole issue for review is whether the trial court erred in granting plaintiff's motion for summary judgment and denying defendant the same.
We affirm.
On or about October 26, 1971, defendant received a mortgage from nonparty Connie Foster to secure a note for $21,500. The mortgage referred to property located at 10635 South La Salle Street, in Chicago. On or about November 26, 1971, Chicago Title Insurance Company (hereinafter Chicago Title) issued its loan policy insuring the mortgage.
During the term of the policy, the real estate taxes on the mortgaged property became delinquent. The taxes were paid by a third party who eventually acquired a tax deed for the property, which extinguished defendant's mortgage interest. On April 14, 1980, defendant was informed that the Atlantic Municipal Corporation had been granted a tax deed for the subject property. By letter, dated April 24, 1980, defendant informed Chicago Title, its insurer, of the existence of the tax deed and inquired into what action it intended to take. Chicago Title declined coverage, stating that its policy does not insure against liens attaching after the date of the policy.
On September 4, 1980, by an assignment of mortgage, defendant assigned to plaintiff, as nominee for nonparty Stanford D. Marks, the mortgage "together with all of assignor's right, title and interest in and to (a) the note, notes, accrued interest and other obligations secured thereby and payable in accordance therewith, and (b) the real estate assigned therein." In consideration for the assignment, plaintiff paid the sum of $5,000. On September 4, 1980, Howard F. Lass, vicepresident of Chicago Federal, mailed to plaintiff several documents, including a copy of the title policy.
On August 11, 1981, Chicago Title informed defendant that it would reimburse it for its loss in the sum of $14,362.86 in order to maintain a sound business relationship. Despite plaintiff's repeated demands to receive these proceeds, defendant denied her entitlement to such proceeds. Therefore, on November 3, 1982, plaintiff filed a complaint at law in the circuit court of Cook County. On January 12, 1983, the complaint was stricken on defendant's motion to dismiss or strike. Plaintiff filed an amended complaint on January 24, 1983. Defendant's *283 motion to dismiss or strike the amended complaint was denied on May 25, 1983. Thereafter defendant filed its answer.
On December 22, 1983, both parties were granted leave to file cross-motions for summary judgment. Plaintiff filed her motion for summary judgment without supporting affidavits. Defendant provided the affidavits of Lass and Lawrence Sulzbacher to support its motion for summary judgment. On June 19, 1987, the trial court denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment and entered judgment in favor of plaintiff for $14,362.86, plus costs. Defendant's motion for reconsideration of the final order and judgment was denied on September 29, 1987. This appeal followed.
Defendant contends that the trial court erred in granting plaintiff's summary judgment motion and advances several arguments to support its contention. Defendant first argues that plaintiff failed to establish an assignment of the policy; therefore, she was not entitled to summary judgment.
 1 "[S]ummary judgment will be granted only if the pleadings, affidavits and depositions on file reveal that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." (Murphy v. Urso (1981), 88 Ill.2d 444, 464.) The sole function of this court in reviewing an entry of summary judgment "is to determine whether the lower court correctly ruled that no genuine issue of material fact had been raised and, if none was raised, whether judgment was correctly entered as a matter of law." People ex rel. First National Bank v. City of North Chicago (1987), 158 Ill. App.3d 85, 104.
 2 "An assignment * * * is the transfer of some identifiable property, claim or right from the assignor to the assignee. The parties must intend to effectuate an assignment at the time of the transfer although no particular language or procedure is necessary." (Buck v. Illinois National Bank & Trust Co. (1967), 79 Ill. App.2d 101, 106.) "The intent of the parties to an assignment is a question of fact to be derived not only from the instrument executed by the parties, but also from the surrounding circumstances." Klehm v. Grecian Chalet, Ltd. (1987), 164 Ill. App.3d 610, 617.
 3 The intent of plaintiff and defendant, the parties to the assignment, appears clear from the instrument as well as from surrounding circumstances. The instrument specifically stated that defendant, the assignor, was assigning all of its "right, title and interest in and to (a) the note, notes, accrued interest and other obligations secured thereby and payable in accordance therewith, and (b) the real estate described *284 therein." This statement evidences an intent to transfer the policy. Furthermore, defendant sent correspondence to Marks which included a copy of the title policy. Defendant's claim that the policy was sent for informational purposes only is not supported by the record. It is a logical inference that the policy was included because it was a part of the mortgage assignment. Hence, an examination of the document and letters evidences an intent to assign the policy.
 4 Defendant next argues that it was entitled to summary judgment because its motion for summary judgment was supported by the affidavit of Lass and plaintiff failed to file a counteraffidavit. Defendant cites Wooding v. L. & J. Press Corp. (1981), 99 Ill. App.3d 382, for the proposition that when the opposing party fails to file a counteraffidavit, the material facts outlined in the movant's affidavit stand as admitted.
We acknowledge the ruling in Wooding; nevertheless, Supreme Court Rule 191(a) states that "[a]ffidavits in support of and in opposition to a motion for summary judgment under section 2-1005 of the Code of Civil Procedure * * * shall set forth with particularity the facts upon which the claim * * * or defense is based; * * * [and] shall not consist of conclusions but of facts admissible in evidence." 107 Ill.2d R. 191(a).
Lass, in his affidavit, stated that "he sent the Title Policy in question, dated November 26, 1971, to Stanford D. Marks for informational purposes only." However, Lass' affidavit fails to set forth the facts surrounding the assignment transaction. He merely states that the policy was sent for informational purposes, which is a self-serving conclusion. We find that the Wooding case does not apply to the case at bar since Lass' affidavit does not contain well-pleaded facts, but contains conclusions in contravention of Supreme Court Rule 191(a).
 5 Defendant's third argument is that plaintiff does not have standing to bring this suit. It argues that plaintiff was a nominee of Marks; therefore, Marks is the real party in interest and not plaintiff.
Defendant's argument ignores the well-settled principles of assignments and their legal ramifications. "An assignment * * * is the transfer of some identifiable property, claim or right from the assignor to the assignee. * * * If a valid assignment is effected, the assignee acquires all of the interest of the assignor in the property that is transferred. The assignee, it has been often said, is placed `in the shoes' of the assignor." Buck v. Illinois National Bank & Trust Co. (1967), 79 Ill. App.2d 101, 106.
There is no dispute as to the validity of the assignment. The assignment on its face recites that plaintiff is the assignee and has paid *285 consideration for the assignment. Her status as nominee does not affect the fact that she is the assignee. Once defendant, as assignor, assigned the policy to plaintiff, she "stepped into its shoes" and became entitled to the proceeds from the policy.
 6, 7 Defendant further argues that section 2(b) of the policy precludes an assignment. Section 2(b) states that the "policy shall not continue in force in favor of any purchaser from such insured." Defendant has misread and/or misinterpreted this section. Section 2(b) refers to continuing coverage after the title is transferred. Contrary to defendant's belief, plaintiff is not seeking continuing coverage; rather, she is pursuing defendant's claim which arose prior to the assignment. Hence, section 2(b) is irrelevant to the instant case.
It is further argued by defendant that the assignment is invalid because Chicago Title did not consent to the assignment.
An insurance policy that is assigned after a claim arises is an assignment of the policy proceeds; such a transaction results in an assignment of a chose in action which does not require the insurer's consent. (Ginsburg v. Bull Dog Auto Fire Insurance Association (1928), 328 Ill. 571, 574; 16 G. Couch, Insurance § 63:1, at 734 (2d rev. ed. 1983).) As stated in Couch on Insurance:
"[T]he great weight of authority supports the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply to assignments before loss only, and do not prevent an assignment after loss, for the obvious reason that the clause by its own terms ordinarily prohibits merely the assignment of the policy, as distinguished from a claim arising thereunder, and the assignment before loss involves a transfer of a contractual relationship while the assignment after loss is the transfer of a right to a money claim." 16 G. Couch, Insurance § 63:40, at 763-65 (2d rev. ed. 1983).
When defendant assigned its policy to plaintiff while its claim was still pending before Chicago Title, it assigned its right to the policy proceeds, a chose in action. Therefore, the trial court correctly denied defendant's motion for summary judgment on this basis.
 8 Furthermore, defendant claims that the $5,000 it received from plaintiff, pursuant to the assignment, was consideration for the assignment of the mortgage, not the title policy. This attempt by defendant to segregate the assignment of the mortgage from the policy is without merit. As we discussed above, the policy was included in the assignment. Thus, the assignment was supported by sufficient consideration.
 9 Defendant further asks this court to accept the proposition *286 that Chicago Title never paid monies to it pursuant to the policy. Defendant insists that Chicago Title reimburse it "because Chicago Title felt it a sound business decision to do so," as was stated in the letter to defendant from Chicago Title.
Chicago Title paid defendant $14,326.68. Based on the record, this is the exact amount of the loss suffered by defendant less $5,000 plaintiff paid to it for the assignment. Defendant has not produced any evidence that would persuade us that the monies were paid for any other "sound business reasons" other than payment of monies due under the policy. It is clear that Chicago Title did not arrive at the above figure at random, but decided to pay defendant regardless of the validity of its claim against Chicago Title, in order to maintain a good business relationship. Thus, we find that the trial court correctly ruled that no genuine issue of material fact had been raised and that plaintiff was entitled to judgment in her favor as a matter of law.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
McMORROW and LINN, JJ., concur.